# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

LUIS VEGA, on behalf of himself and
others similarly situated,

    Plaintiff,

v.                                                Case No. 8:08-cv-128-T-TBM

AMER INTERNATIONAL CORP.,
a Florida non-profit corporation,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the court on the **Plaintiff's Second Motion to Compel Responses and Documents Responsive to his First Set of Interrogatories and First Request for Production of Documents, or, in the Alternative, Motion to Strike Answer and Supporting Memorandum of Law** (Doc. 32). Plaintiff's motion seeks an order again compelling Defendant to respond to the outstanding discovery requests and in light of its failure to cooperate in discovery and comply with this court's prior order, sanctions against the Defendant for his complete failure to participate in this case. No response to the motion was filed by the Defendant, and thus, the motion is deemed unopposed.[1] *See* M.D. Fla. R. 3.01(b). A hearing on the matter was conducted on April 2, 2009.

---

[1] Appended to the motion is an e-mail chain in which Defendant's counsel makes clear that his client has deliberately determined not to answer any discovery.

On July 10, 2008, Plaintiff served written discovery requests to the Defendant, in the form of First Set of Interrogatories, First Request for Production, and First Request for Admissions. On February 9, 2009, after responses had still not been received, Plaintiff filed his unopposed motion to compel discovery responses. (Doc. 25). This court entered an Order granting Plaintiff's motion to compel and requiring Defendant to provide complete responses to Plaintiff's discovery requests within fifteen days of the court's Order. The Order awarded Plaintiff fees and costs in bringing the motion. (Doc. 29). Additionally, the Order cautioned the Defendant that a failure to comply with the Order and timely produce responses to discovery could result in further sanctions, including striking of its pleadings. Notwithstanding, Defendant failed to serve timely responses, and to date has not responded at all to the discovery propounded by Plaintiff. At the hearing, Defendant's counsel indicated that he had forwarded the prior discovery and the court's Order to his client and advised in writing and orally that "he" should respond to the discovery or face bad consequences. Ultimately, his client indicated that business was bad, he was closing his shop, and he was not answering the discovery.

Upon consideration, I find that Defendant has willfully failed to comply with long-outstanding discovery requests, as well as this court's Order directing him to respond to said discovery. It is now clearly established that Defendant has no intention of responding regardless of the matter of sanctions. Defendant's refusal to participate in discovery has caused the Plaintiff unnecessary cost and legal expense and prejudiced Plaintiff from advancing his litigation in a timely manner. Defendant's conduct has been disruptive to the court's scheduling order as well and again threatens to cause a further delay in the

2

proceedings. *See* (Doc. 33). In these circumstances, it is apparent that another order directing a response with an award of fees would be futile. In the given circumstances, more serious sanctions are warranted.

Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure provides in pertinent part:

> If a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery, . . . , the court may issue further just orders. They may include . . . (ii) prohibiting the disobedient party from supporting or opposing designated claims . . .; (iii) striking pleadings in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order . . . .

Fed. R. Civ. P. 37(b)(2)A).

Rule 37(d)(1)(A) of the Federal Rules of Civil Procedure provides in pertinent part:

> The court where the action is pending may, on motion, order sanctions if:
>
> (ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.

Fed. R. Civ. P. 37(d)(1)(A). Sanctions for this violation may include those set forth above in Rule 37(b)(2). Thus, the court has broad authority under Rule 37 to impose sanctions upon a party for failure to provide or permit discovery and for failing to obey a court order. *See also Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999).

Accordingly, Plaintiff's Second Motion to Compel Responses and Documents Responsive to his First Set of Interrogatories and First Request for Production of Documents, or, in the Alternative, Motion to Strike Answer and Supporting Memorandum of Law (Doc. 32) is **GRANTED**. Given the Defendant's willful disobedience of the court's Order and its failure to participate in discovery, I recommend that Defendant's Answer and Defenses (Docs. 6, 7) be stricken and a default judgment be entered at least on the matter of liability.

Respectfully submitted this
3rd day of April 2009.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *see also* Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies furnished to:
The Honorable Susan C. Bucklew, United States District Judge
Counsel of Record